IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN ALAMO and PABLO JIMENEZ,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICER MARK ARCILLAS, OFFICER MACHAIN #7963, OFFICER AARON #13001, and the CITY OF CHICAGO,<br><br>Defendants. | No. 08-c-766<br><br>JUDGE ANDERSON<br>MAGISTRATE JUDGE ASHMAN |

**PLAINTIFFS' FIRST AMENDED COMPLAINT AT LAW**

NOW COME the PLAINTIFFS, by and through Horwitz, Richardson, & Baker, LLC., and pursuant to this Complaint at Law, state the following against the above named Defendants, to wit OFFICER MARK ARCILLAS, OFFICER MACHAIN #7963, OFFICER AARON #13001 (hereinafter, the "DEFENDANT OFFICERS"), and the CITY OF CHICAGO.

**JURISDICTION**

1.   The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**PARTIES**

2.   PLAINTIFFS are residents of the State of Illinois and of the United States.

3.   The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

4.   The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or

1

employees referred to in this Complaint. At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

## FACTS

5. On or about July 16, 2006, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFFS. This conduct violated the Fourth Amendment to the United States Constitution.

6. On or about July 16, 2006, PLAINTIFFS did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

7. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFFS.

8. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFFS with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFFS notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFFS had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFFS.

9. On July 16, 2006, PLAINTIFFS had not committed an act contrary to the laws of the State of Illinois.

10. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFFS were caused to suffer damages.

11. On or about July 16, 2006, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO.

The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

12. Upon information and belief, OFFICER MARK ARCILLAS, on July 16, 2006, came into physical contact with PLAINTIFFS.

13. Upon information and belief, OFFICER MACHAIN #7963, on July 16, 2006, came into physical contact with PLAINTIFFS.

14. Upon information and belief, OFFICER AARON #13001, on July 16, 2006, came into physical contact with PLAINTIFFS.

## CONSPIRACY

15. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFFS in the following manner:

   a. agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFFS;

   b. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFFS;

   c. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFFS;

   d. agreeing not to report each other after falsely arresting and/or charging PLAINTIFFS;

   e. generating false documentation to cover-up for their own and each other's misconduct.

16. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about July 16, 2006, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by

3

and through their conduct, proximately caused PLAINTIFFS to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorney's fees, and suffer emotionally.

## EQUAL PROTECTION – CLASS OF ONE

17. With regard to an Equal Protection Claim, PLAINTIFFS were a "Class of One." In that regard, PLAINTIFFS were treated with ill will and/or discriminated against with no rational basis. PLAINTIFFS were intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFFS differently and trying to cause further injury to PLAINTIFFS by generating false evidence against PLAINTIFFS. Further, PLAINTIFFS were similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against City of Chicago Police Officers.

## COUNT I
### §1983 Excessive Force

18. PLAINTIFFS re-allege paragraphs 1 – 17 as though fully set forth herein.

19. The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFFS. This conduct violates the Fourth Amendment of the United States Constitution.

20. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages, costs and attorney's fees against the

DEFENDANT OFFICERS.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT II
### §1983 False Arrest

21.    PLAINTIFFS re-allege paragraphs 1 – 17 as though fully set forth herein.

22.    The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity.  Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

23.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages, costs and attorney's fees against the DEFENDANT OFFICERS.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT III
### § 1983 Conspiracy Claim

24.    PLAINTIFFS re-allege paragraphs 1 – 17 as though fully set forth herein.

25.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia*, the Fourth Amendment and Fourteenth Amendment.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages, costs and attorney's fees against the

DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT IV
### § 1983 Equal Protection – Class of One

26. PLAINTIFFS re-allege paragraphs 1 – 17 as though fully set forth herein.

27. The actions of the DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

28. The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages, costs and attorney's fees against the DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT V
### Supplementary Claim for *Respondeat Superior*

29. PLAINTIFFS re-allege paragraphs 1 – 17 as though fully set forth herein.

30. The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiffs demand judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

**Plaintiffs demand trial by jury.**

                Respectfully submitted,

                s/Erica Faaborg_____
                Attorney for the Plaintiff
                Erica Faaborg

Horwitz, Richardson, & Baker, LLC.
20 S. Clark Street, Suite 500
Chicago, IL 60603
(312) 676-2100
(312) 372-7076