**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN ALAMO and PABLO JIMENEZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 08 C 766 |
| | ) | |
| OFFICER MARK ARCILLAS, OFFICER | ) | Judge Andersen |
| MACHAIN #7963, OFFICER AARON | ) | |
| #13001, and the CITY OF CHICAGO, | ) | Magistrate Judge Ashman |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS MOTION TO DISMISS**
**COUNTS IV, AND V OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants, City of Chicago, by its attorney Mara S. Georges, Corporation Counsel of the

City of Chicago, and Defendant Officers Arcillas, Machain and Aaron, by their attorney, Thomas

H. Freitag, Assistant Corporation Counsel of the City of Chicago, Assistant Corporation Counsel

for the City of Chicago, pursuant to the Federal Rules of Civil procedure 12(b)(6), respectfully

move this Honorable Court to dismiss Counts IV & V of Plaintiff's First Amended Complaint at

Law for failure to state a claim. In support of this motion, Defendants submit the following:

**STATEMENT OF THE CASE**

On May 2, 2008, Plaintiffs filed a five count amended complaint against Defendant

Officers and the City of Chicago, which includes Count IV § 1983 Equal Protection - Class of

One and Count V Supplementary Claim for Respondeat Superior.  Plaintiffs alleges that they

were "treated with ill will and/or discriminated against with no rational basis". (See Plaintiff's

First Amended Complaint at Law, attached hereto as Exhibit A, page 4).  Additionally, Plaintiffs

alleges that they were "treated differently as a result of having a potential claim and witnessing

police misconduct". *Id*.  Plaintiffs allege that they were "similarly situated to other individuals

involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Chicago Police Officers." Id.   Plaintiffs claims are premised entirely on their arrests for battery, on July 16, 2006.

## STANDARD OF REVIEW

A district court generally should dismiss a complaint under Fed. R. Civ. P. 12(b)(6) if the plaintiff does not meet the burden of showing that the allegations create not just a possibility, but the plausibility of entitlement to relief. Bell Atlantic v. Twombly, __ U.S. __, 127 S.Ct.1955, 1964, 167 L.Ed.2d 929 (2007). The allegations in a complaint must plausibly suggest that the plaintiff has a right to relief, raising the possibility above, a speculative level; if they do not the plaintiff pleads themselves of court. *EEOC v. Concentra Health Sevrices*, 496 F.3d 773, 776 (7th Cir. 2007). The Seventh Circuit has stated that "it is not enough for a complaint to avoid a foreclosing possible basis for relief, it must actually suggest that the plaintiff has a right to relief…". *Id.* at 777 (Citing *Bell Atlantic Corp.,* at 1968-69). A complaint must provide allegations that raise a right to relief above the speculative level. *Id.* at 777 (Citing *Bell Atlantic Corp.,* at 1965). Only factual allegations should be considered, and a district court may freely reject allegations that are nothing more than legal conclusions. Reichenberger v. Pritchard, 660 F.2d 280, 282 (7th Cir. 1981).

## ARGUMENT

1.    **Count IV Must be Dismissed as a Redundant Claim**

Plaintiffs have alleged an Equal Protection, Class of One, claim. (*See* Exhibit A, page 4). Plaintiffs' equal protection claims are premised on their arrests for battery, on July 16, 2006. Plaintiff alleges that he "was intentionally treated differently as a result of having a potential

claim and witnessing police misconduct attributable to Defendant Officers". *Id.* The misconduct

that plaintiffs refer to is their alleged false arrest, excessive force, and conspiracy claims.

According to plaintiffs' complaint, the other similarly situated individuals are those individuals,

who "were not the victims of police misconduct and/or potential claimants against City of

Chicago Police Officers." *Id.* Since Plaintiffs have already plead section § 1983 claims for false

arrest, excessive force and conspiracy claim, attaching an additional constitutional label, such as

an equal protection violation, for the same claim is redundant.

Constitutional claims must be addressed under the most applicable provision. *Graham v.*

*Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), *See* also *Conyers v. Abitz*,

416 F.3d 580, 586 (7th Cir. 2005). The Seventh Circuit has dealt with the issue of redundant

claims with different constitutional labels. *Conyers*, 416 F.3d at 586. The Seventh Circuit found

that plaintiffs could not expand their claims by attaching additional constitutional labels to them.

*Id.* "When a particular amendment provides an explicit textual source of constitutional

protection against a particular sort of government behavior, that amendment, not the more

generalized notion of substantive due process must be the guide for analyzing these

claims."*Albright v. Oliver,* 510 U.S. 266, 273, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994).

In *Zitzka v. Westmont,* 2007 WL3334336 No. 07 C 949 (N.D.Ill. Nov. 6, 2007), the

plaintiffs brought a § 1983 suit claiming violations to their first amendment rights and fourth

amendment rights when police officials made multiple arrests of the plaintiffs in a retaliatory

campaign against the plaintiffs, who believed they were exercising their free speech concerning

an investigation into the rape of their minor child. Plaintiffs in *Zitzka,* also made an equal

protection claim based on the same facts. *Id.* at *1. The Court in *Zitzka,* reasoned that plaintiffs'

constitutional claims were founded on the first amendment and fourth amendment, and the equal

protection claim was therefore dismissed as redundant of the first and fourth amendment claims.

*Id.* at *5.  The Court in *Zitzka,* applied the reasoning in *Graham,* and concluded that the First and

Fourth Amendments are the most explicit textual provisions to address defendants' alleged

unconstitutional conduct. *Id.* The Court in Ziztka, also agreed with the Court in *Conyers* and

stated that allowing the equal protection claim to proceed would only unnecessarily add

constitutional labels. *Id.* at *6.

Plaintiffs allege that the Defendant Officers actions in arresting the plaintiffs violated

their Fourth Amendment rights. The same acts which plaintiffs allege are violations of the Fourth

Amendment under their claims for false arrest, excessive force and conspiracy, are the same acts

which plaintiff alleges are an equal protection violation. Defendants argue that the equal

protection claim in Count IV should be dismissed because the Fourth Amendment, provides the

explicit source of constitutional protection and case law dealing with plaintiffs claims. Since

plaintiff in this matter has plead a false arrest claim, excessive claim and conspiracy claim, Count

IV's equal protection claim should be dismissed as redundant.

2.      **Count IV Must be Dismissed as Plaintiffs fail to demonstrate they were
        Similarily Situated**

Plaintiffs have failed to state any claim in their Count IV § 1983 Equal Protection, Class

of One, cause of action. In order to prove a class of one equal protection theory, plaintiffs must

show that: (1) they were treated differently from others who were similarly situated to them, and

(2) that the defendants had no rational basis for this differential treatment, or were motivated by a

totally illegitimate animus. *Lauth v. McCullom*, 424 F.3d 631, 633 (7th Cir. 2005). To prevail on

equal protection, class of one, claim the plaintiff must negate any reasonably conceivable set of

facts that could provide a rational basis for the class of one. *Id.* at 634. Equal protection claims

may be brought by a "class of one", where the plaintiff alleges that she has been intentionally

treated differently from others similarly situated and that there is no rational basis for the

difference in treatment or the cause of disparate treatment is a "totally illegitimate animus"

toward the plaintiff by the defendant. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564

(2000)(citations omitted). A "class of one" plaintiff bears the burden or proving that he has

suffered intentional, irrational, and arbitrary discrimination. *Bell v. Duperrault*, 367 F.3d 703,

707 (7th Cir. 2004) (citing Olech, 528 U.S. at 564-65).

A "class of one" Plaintiff must demonstrate that individuals similarly situated are

identical to him in every meaningful respect. *Sellars v. City of Gary*, 453 F.3d 848, 850 (7th Cir.

2006). "It is clear that similarly situated individuals must be very similar indeed". *Id* citing

*McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1002 (7th Cir. 2004). To be considered similarly

situated, compared individuals must be "prima facie identical in all relevant respects". *Id* at 851.

The facts discussed in *Sellars* illustrate this standard.

In *Sellars*, a firefighter previously employed by the City of Gary, Indiana, filed a "class of

one" equal protection suit against Defendant City of Gary. Plaintiff alleged that he was entitled

to health insurance benefits for retirees. After insurance coverage was denied, Plaintiff filed his

complaint. Plaintiff argued that he was similarly situated to six retirees who were given a

"retirement Checklist" which asked whether they wanted to participate in the City Health Plan.

Upon retirement Plaintiff had not received a similar form. The Seventh Circuit affirmed the

district courts finding that Plaintiff had not sustained his burden of demonstrating that he was

treated differently than similarly situated employees. To prove his class of one discrimination

claim, Sellars was required to make out a prima facie case. Without evidence of at least one

similarly situated employee, Sellars has failed to show any disparate treatment he may have

suffered was improper. *Id.* citing *Racine Charter One, Inc. v. Racine Unified Sch. Dist.*, 424

F.3d 677, 681-83 (7th Cir.2005).

In this matter, Plaintiffs have stated a "class of one" equal protection claim without

pleading any information necessary to identify similarly situated individuals. Given the nature of

the amended complaint, Defendants should not be forced to speculate as to which individuals are

similarly situated. Plaintiffs state that they were similarly situated to other individuals involved

in incidents with police officers that were not the victims of police misconduct and/or potential

claimants against City of Chicago Police Officers. (*See* Exhibit A, page 4). Plaintiffs' complaint

does not need detailed factual allegations," but plaintiff must make sufficient "factual

allegations...to raise [his] right to relief above the speculative level". *Bell Atlantic,* 127 S.Ct. at

1964*, quoting Conley v. Gibson,* 355 U.S. 41, 47(1957). The class of similarly situated persons

plaintiffs describe is extraordinarily broad. It includes anyone with whom the Chicago Police

have had contact and who were not the victims of wrongful conduct. Plaintiffs claim that they

were subject to wrongful conduct, thus putting them in a different situation than those they

compare themselves with. Since Plaintiffs fail to sufficiently identify those individuals similarly

situated, Count IV should be dismissed as a matter of law.

### 3.    Count V Must be Dismissed for Failure to State a Claim

Count V alleges a supplementary claim for *respondeat superior* liability against the City

of Chicago if the Defendant Officers are found liable for any state law claims. However,

plaintiffs do not make any state law claims in Plaintiffs First Amended Complaint at Law.

Counts I, II, III, and IV are all brought under § 1983 of federal law. Because there are no state

law claims, the Court must dismiss Count V. Additionally, because Count V is the only count

against Defendant City of Chicago, they must be dismissed as a defendant in Plaintiffs First

Amended Complaint at Law.


WHEREFORE, Defendants respectfully request this honorable Court dismiss Count IV

and V of Plaintiff's Complaint pursuant to Rule 12(b)(6), and dismiss City of Chicago as a

Defendant in this suit.


Respectfully submitted,

MARA S. GEORGES,
Corporation Counsel, City of Chicago


Respectfully submitted,

MARK ARCILLAS, STEPHEN MACHAIN
and JEFFERY AARON,

By one of their attorneys,


30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602                     */s/ Thomas H. Freitag*
(312) 742-7391                              Thomas H. Freitag
Atty. No. 6272245                           Assistant Corporation Counsel