**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JUAN ALAMO and PABLO JIMENEZ, <br><br> Plaintiffs, <br><br> v. <br><br> OFFICER MARK ARCILLAS, OFFICER MACHAIN #7963, OFFICER AARON #13001, and the CITY OF CHICAGO, <br><br> Defendants. | No. 08-c-766 <br><br> JUDGE ANDERSON <br> MAGISTRATE JUDGE ASHMAN |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO DISMISS COUNT IV and V OF PLAINTIFFS' AMENDED COMPLAINT**

NOW COME Plaintiffs, by and through their attorneys, HORWITZ, RICHARDSON & BAKER, LLC., and hereby submit their Response to Defendants' Motion to Dismiss Count IV and V of Plaintiffs' First Amended Complaint.

**INTRODUCTION**

On July 16, 2006, the Defendant police officers violently abused Plaintiffs then falsely arrested them for a crime that they did not commit. Consequently, Plaintiffs have filed this Section 1983 action alleging false arrest, excessive force, conspiracy, and equal protection "class of one" claims against the Defendants. The Defendants have moved to dismiss Plaintiffs' equal protection claim on the basis that this claim is repetitive of their other claims and Plaintiffs have not identified others similarly situated. For the reasons stated below, the Defendants' motion to dismiss must be denied.

## ARGUMENT

I. **Plaintiffs' Equal Protection Claim Is Not Redundant of Their False Arrest and Excessive Force Claims**

The Defendants contend that Plaintiffs' equal protection "class of one" claim is redundant of their false arrest, excessive force, and conspiracy[1] claims. For the reasons set forth below, Defendants' contentions are incorrect. Plaintiffs' equal protection "class of one" claim is not redundant and therefore, Defendants' motion to dismiss must be denied.

Simply put, the Defendants have misinterpreted Plaintiffs' equal protection claim. Defendants contend that Plaintiffs' equal protection claim is "premised on [Plaintiffs'] arrests for battery." (See Defs.' Mot. at 2). This characterization of Plaintiffs' equal protection allegations is much too narrow. Plaintiffs allege in their complaint that they were "intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS" *and* that "[t]he DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFFS differently and trying to cause further injury to PLAINTIFFS by generating false evidence against PLAINTIFF." (First Amended Complaint Para. 17).

In other words, Plaintiffs allege that the Defendant Officers treated them differently and tried to cause them further injury by generating false evidence (i.e. falsifying a police report). This conduct, as alleged, goes well beyond any false arrest or excessive force claim. Had the Defendants treated Plaintiffs equally and fairly and not generated false evidence (e.g. false police reports and criminal complaints) then

---

[1] Plaintiffs are seeking to voluntarily dismiss this claim and therefore will only address the argument of duplicity with respect to the false arrest and excessive force claims.

2

criminal charges would not have been instituted against Plaintiffs and they would not have suffered further injury.

The Defendants cite to <u>Zitzka v. Village of Westmont</u>, 2007 WL 3334336 (N.D.Ill. Nov. 6, 2007), for the proposition that Plaintiffs' equal protection claim is duplicative of their false arrest, excessive force, and conspiracy claims. However, the Defendants' reliance on this non-precedential opinion is misplaced. In <u>Zitzka</u>, the plaintiffs asserted, *inter alia,* §1983 retaliatory and false arrest claims against the defendants stemming from the plaintiffs' criticism of the Westmont police department for its allegedly shoddy investigation into the rape of the plaintiffs' minor child.

In analyzing plaintiffs' §1983 claims, Magistrate Judge Schenkier highlighted the duplicative nature of the retaliatory and false arrest allegations and those of the equal protection claim. With respect to the First Amendment allegations, the court noted that "the *same* acts which plaintiffs assert constitute violations of equal protection also were acts intended to deprive them of the First Amendment right to freedom of speech." <u>Id</u>. at * 5 (Emphasis added). Moreover, the district court also recognized that the very acts which served as a basis for plaintiffs' Fourth Amendment claim – the arresting and detaining of plaintiffs – also constituted their equal protection claim. <u>Id</u>. Hence, the court concluded that the First and Fourth Amendments were the "constitutional provisions most directly applicable to plaintiffs' claims." <u>Id</u>. at *6.

Here, the charging of the Plaintiffs for criminal conduct is an independent and distinct allegation of misconduct that causes Plaintiffs a disparate injury above any injuries sustained from false arrest and excessive force. Indeed, the generation of false evidence, in and of itself, is insufficient basis to allege an excessive force or false arrest

3

claim under §1983.² Such an allegation is clearly not duplicative of Plaintiffs' claims of false arrest and excessive force. As stated above, the false arrest and excessive force claims arise from separate and distinct actions by Defendants and cause a separate and distinct injury to Plaintiffs. Unlike the plaintiffs in Zitzka, the *only* vehicle by which Plaintiffs can redress this wrong (the generation of false evidence) is through an equal protection "class of one" claim. Therefore, Plaintiffs' equal protection claim should not be dismissed and Defendants' motion to dismiss should be denied.

**II.   At This Stage of Litigation, Plaintiffs Have Properly Alleged the Identity of Similarly Situated Individuals**

For an equal protection "class of one" claim to survive a Rule 12(b)(6) motion to dismiss, a complaint need only allege that a plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Equal protection "class of one" claims will prevail under the Rule 12(b)(6) standard if "relief could be granted under any set of facts that could be proved consistent with the allegations." Baumgardner v. County of Cook, 108 F.Supp.2d 1041, 1055 (N.D.Ill., 2000). Crucially, complaints that simply state the facts in a way that lays out the elements of an equal protection "class of one" claim will survive a Rule 12(b)(6) motion to dismiss. Angsten v. Blameuser, 2005 WL 3095513, *2 (N.D.Ill., 2005).

---

² These allegations are different from any claims for false arrest and excessive force. A claim for false arrest must allege that a plaintiff was arrested by the defendant without probable cause. Helton v. Dornan, 1999 WL 58641 *4 (January 26, 1999). To establish excessive force under §1983, a plaintiff must demonstrate that a "state actor's use of force was 'objectively unreasonable' under the circumstances." Thompson v. City of Chicago, 472 F.3d 444, 454 (7th Cir. 2006). Neither a claim for false arrest nor a claim for excessive force requires a plaintiff to demonstrate disparate treatment conducted with no rational basis – a critical requisite of any equal protection "class of one" claim.

Defendants hang their hat on <u>Sellars v. City of Gary</u>, 453 F.3d 848 (7th Cir. 2006), to bolster their argument that Plaintiffs' equal protection "class of one" claim should be dismissed. However, Defendants' reliance upon <u>Sellars v. City of Gary</u> is simply unavailing. In <u>Sellars</u>, the plaintiff filed an equal protection "class of one" claim against his former employer after he was denied post-retirement health insurance. The Seventh Circuit found, in affirming summary judgment, that the plaintiff was not similarly situated to others because plaintiff's retirement date was prior to the institution of the retirement plan. <u>Id.</u> at 851.

<u>Sellars</u> is readily distinguishable from the instant action. In the instant case, Plaintiffs allege that they were arrested without probable cause and violently abused. Thus, they had witnessed police misconduct and had a claim against said officers. But unlike all other people who interact with police officers, Plaintiffs had false evidence generated against them. (First Amended Complaint Para. 17).

Plaintiffs allege they were similarly situated to all others who witness police misconduct or have claims against police officers (an unfortunately large class). This is all that is required to defeat a 12(b)6 motion to dismiss. Plaintiff is required to plead that, without a rational basis, he was intentionally treated differently from similarly situated individuals. Plaintiffs' complaint meets that burden, and accordingly, this Court should deny Defendants' motion to dismiss.

### III.     **Plaintiffs Seek Leave to File a Third Amended Complaint**

Plaintiffs seek leave to file their Third Amended Complaint in this matter. In that regard, Plaintiffs seek to dismiss their *respondeat superior* and conspiracy claims. Plaintiffs also wish to plead additional facts pursuant to <u>Bell Atlantic Corp. v. Twombly</u>,

5

127 S.Ct. 1995 (2007), and to allege an indemnification claim against the City of Chicago.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Honorable Court deny Defendants' motion to dismiss in its entirety.  Plaintiffs further request that this Honorable Court grant them leave to amend their complaint and file their Third Amended Complaint at Law.


Dated:  June 27, 2008                                        Respectfully submitted,

/s/ Rachelle M. Sorg_____
One of Plaintiffs' Attorneys



HORWITZ, RICHARDSON & BAKER, LLC
20 South Clark Street, Suite 500
Chicago, IL 60603
(312) 676.2100
ARDC No. 6287455