IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN ALAMO and PABLO JIMENEZ, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 08 C 766 |
| ) | |
| OFFICER MARK ARCILLAS, OFFICER ) | Judge Andersen |
| MACHAIN #7963, OFFICER AARON ) | |
| #13001, and the CITY OF CHICAGO, ) | Magistrate Judge Ashman |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE**

Defendants, City of Chicago, by its attorney Mara S. Georges, Corporation Counsel of the City of Chicago, and Defendant Officers Arcillas, Machain and Aaron, by their attorney, Thomas H. Freitag, Assistant Corporation Counsel of the City of Chicago, Reply to Plaintiff's Response to Defendants' Motion to Dismiss Count IV & V of Plaintiff's Amended Complaint.

**ARGUMENT**

**1.   Count IV Must be Dismissed as a Redundant Claim**

The first inquiry in any § 1983 suit is "to isolate the precise constitutional violation with which the defendant is charged." *Graham v. Connor*, 490 U.S. 386, 394 (1989). Plaintiffs argue that their allegations in their Equal Protection claim are not premised on the same acts which form their claims for false arrest, excessive force, and conspiracy claims. Plaintiffs allege that the Defendant Officers actions in arresting the plaintiffs violated their Fourth Amendment rights, specifically false arrest, excessive force, and conspiracy. However, Plaintiff attempts to sneak in a equal protection claim based on the fact that they claim that Defendant Officers conduct "goes well beyond any false arrest or excessive force claim." *See* Docket Number 31, Response p. 2. However,

1

this is a complete misrepresentation of the facts, because clearly the same acts which Plaintiffs allege are violations of the Fourth Amendment under their claims for false arrest, excessive force and conspiracy, are the same acts which plaintiff alleges are an equal protection violation. Defendants argue that the equal protection claim in Count IV should be dismissed because the Fourth Amendment, provides the explicit source of constitutional protection and case law dealing with plaintiffs claims. Since Plaintiff in this matter has pled a false arrest claim, excessive claim and conspiracy claim, Count IV's equal protection claim is redundant.

      Plaintiffs outlandish argument defies logic. They state that "the charging of the plaintiff for criminal conduct is an independent and distinct allegation of misconduct that causes Plaintiffs a disparate injury above any injuries sustained from false arrest and excessive force." *See* Doc. 31, Resp. 3. This logic is flawed, because the false charging of an individual for criminal conduct, is EXACTLY what a false arrest claim is intended to address. Plaintiff's go on further to state that "the only vehicle by which Plaintiffs can redress this wrong (the generation of false evidence) is through an equal protection "class of one" claim."*See* Doc. 31, Resp. 4. However, Plaintiffs' false arrest, excessive force and conspiracy claims also address this wrong, proving that their equal protection claim is duplicative of Plaintiffs' Fourth Amendment claims. It is clear that plaintiffs are trying to bypass the legal standards for false arrest and excessive force by attempting to bring in an equal protection claim. This is evident by one of their arguments. They argue that the equal protection claim is different from their claims for false arrest and excessive force, because the equal protection "class of one" claim requires a different legal standard (disparate treatment with no rational basis), than the fourth amendment claims. *See* Doc. 31, Resp. P. 4 f. 2. This argument has nothing to do with the redundancy of their claims, but rather Plaintiffs are attempting to shop around

for the best legal standard to fit their case.

Even Plaintiff realizes that the equal protection claim is redundant of their Fourth Amendment claims. In their Response, Plaintiffs attempt to cure their defective Amended Complaint by voluntarily dismissing their conspiracy claim,(which contradicts their argument), and seeking leave to file a third amended complaint, pleading additional facts. However, any attempt by Plaintiffs to try to "shoehorn" in their equal protection claim still fails, because the claim still arises from the same acts on that day which constituted their Fourth Amendment claims.

Plaintiff states that Defendant's use of *Zitzka v.Village of Westmont* 2007 WL3334336 No. 07 C 949 (N.D.Ill. Nov. 6, 2007), is inapplicable because the citation is a non-precedential opinion. This is inaccurate and unfounded, nothing from the case would lead anyone to believe it was non-precedential and defendants believe it to be good law. Furthermore, *Zitzka* bases its opinions on the cases of *Conyers v. Abitz*, 416 F.3d 580 (7th Cir. 2005), and *Graham*, 490 U.S. 386, to which Defendant cites and Plaintiff offers no argument in opposition. Those cases support Defendants reasoning regarding Plaintiffs' claims. That Plaintiffs cannot "save or expand those claims by attaching an additional constitutional label to them", *Conyers*, 416 F.3d at 586, and that their constitutional claims must be addressed under the most applicable provision. *Graham*, 490 U.S. at 395. Despite the many cases to which Defendants cite, Plaintiffs offer no case law in support of their position.

**2.    Count IV Must be Dismissed as Plaintiffs Fail to Demonstrate they were Similarly Situated**

Plaintiffs allege that their Amended Complaint has all that is required to survive a Rule 12 (b)(6) motion to dismiss. Specifically, "plaintiffs allege they were arrested without probable cause and violently abused. Thus, they had witnessed police misconduct and had a claim against said

officers." See Doc. 28, Resp. 5. Plaintiff's identifies an extraordinarily broad class of similarly situated individuals when stating he is "similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Chicago Police Officers." See Docket Number 24, *Amended Complaint*, ¶ 17. Plaintiff's Response, however, "alleges he is similarly situated to all others who witness police misconduct, or have claims against police officers (an unfortunately large class),...." See Doc. 28, Resp. P 4. Thus, Plaintiff's Response seeks to broaden the class further to "all others who witness police misconduct."

It is unclear who "all others who witness police misconduct, or have claims against police officers" actually includes. For instance, similarly situated could refer to (1) all others who personally witnessed police misconduct, (2) all others who witnessed police misconduct on television or other media outlets, (3) all others who where victims of police misconduct, (4) all those with federal claims, (5) all those with state claims, or (6) all those with any complaint. A "class of one" plaintiff must demonstrate that individuals similarly situated are identical in every meaningful respect. *Sellers v. City of Gary,* 453 F.3d 848, 850 (7th Cir. 2006). Plaintiff fails to identify a similarly situated class and fails to demonstrate how he is identical in every meaningful respect to "all others who witness police misconduct, or have claims against police officers."

To even advance his equal protection class-of-one claim into the discovery phase, Plaintiff's must "negative any reasonably conceivable state of facts that could provide a rational basis for the classification … [such that] no sound reason for the action can be hypothesized [and] …the government action [is] wholly impossible to relate to legitimate government objections." *Lauth v. McCollum*, 424 F.3d 631, 634 (7th Cir. 2005) (citations omitted). Plaintiff's entire case appears to

hinge on the notion that the "DEFENDANT OFFICERS" conduct was designed to legitimize an allegedly unconstitutional arrest. However, Plaintiff cannot negative any "<u>reasonably conceivable</u>" state of facts that could provide a rational basis for the complained of conduct.

Plaintiffs' citation to *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) is misguided, because that case involved the governments' regulation of property. Further, the cases upon which the Court relied on in *Olech* concerned property assessment and taxation issues. Following *Olech*, the Seventh Circuit has struggled to define the precise contours of a class-of-one cause of action. *See*, *Lauth v. McCollum*, 424 F.3d 631, 632-33 (7th Cir. 2005) (J. Posner); *see also Bell v. Duperrault*, 367 F.3d 703, 709-11 (7th Cir. 2004) (J. Posner concurring). In attempting to reign in the potential breadth of the class-of-one claim, the Seventh Circuit established that where a rational or legitimate reason may be <u>hypothesized</u>, an equal protection "class of one" claim fails as a matter of law. *Lauth*, 424 F.3d at 634. The complained of action "only fails rational basis scrutiny if no sound reason for the action can be hypothesized." *Id*. at 634. (citations omitted). In stating such, the Seventh Circuit sanctioned the disposal of class-of-one claims in Rule 12(b)(6) motions "[s]ince hypothesis is not proof, this test that we have articulated can often be applied in advance of discovery. *Id*. (citations omitted).

Recognizing the theoretical and practical problems associated with the equal protection class-of-one claim, the Supreme Court recently addressed the class-of-one theory in the public employer context. *See Enquist v. Oregon Dep't of Agriculture*, 128 S.Ct. 2146 (U.S. 2008). In *Enquist*, the Supreme Court reasoned that *Olech* was more an application of the Equal Protection Clause's guarantee of freedom from arbitrary government classification than an exception to the requirement for suspect classification. *See Enquist*, 128 S.Ct. at 2153. The Supreme Court held

that the core concerns of the Equal Protection Clause are not implicated in disputes inherently circumscribed by the discretionary exercise of the state's authority to fire an employee. *Id*. at 2153-57 (holding the class-of-one theory does not apply in the public employment context). Therefore, Plaintiffs reliance on *Olech* is unfounded, rather the reasoning in *Engquist* is more applicable to the case at hand. The reasoning in *Enquist* fully applies to eliminate the application of the class-of-one theory to a warrantless arrest.

In the absence of an alleged suspect classification, the core concern of the Equal Protection Clause to "shield against arbitrary classifications" is not implicated in the warrantless arrest context. The exercise of state authority to make an arrest is an inherently discretionary act necessarily contingent upon a "vast array" of subjective circumstances and highly contextual determinations by police officers. *See e.g. Enquist*, 128 S.Ct. at 2153-54; *see also Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994) (addressing probable cause to arrest and noting "[i]n recognition of the **endless scenarios confronting police officers in their daily regimen**, courts evaluate probable cause 'not on the facts as an omniscient observer would perceive them, but on the facts as they would have appeared to a reasonable person in the position of the arresting officer – seeing what he saw, hearing what he heard.'") (emphasis added) (citations omitted). Given the subjective, contextual decision-making inherent in every arrest, there are no set of circumstances sufficiently similar to enable any meaningful equal protection analysis. *See Enquist*, 128 S.Ct. at 2154 ("allowing a challenge based on arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise") As the Supreme Court has stated "[i]t is no proper challenge to what in its nature is a subjective, individualized decision that it was subjective and individualized." *Id*.

Plaintiff's challenge to the alleged difference in treatment lacks any "clear standard" at all to which the state action may be compared. Instead, it simply references "other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against City of Chicago Police Officers". *See* Doc. 24, *Amended Complaint*, ¶ 17. It appears that in order to decide Plaintiff's class-of-one claim, the Court would be required to determine who is similarly situated to the Plaintiff. In theory, this is every single person ever seized or arrested by any Chicago Police Officer in the history of the City of Chicago. Thus, the Court (or likely the jury) would certainly have to parse through every arrest to find the "proverbial needle in the haystack". Additionally, the Court would have to determine if any purported similarly situated persons also were the victim of "police misconduct" or had a "potential" claim but did not receive similar treatment (mistreatment) as Plaintiff. Thus, the Court would have to parse through the interaction not only between each Individual Defendant and the Plaintiff (in other words every action by each Individual Defendant in relation to the seizure) but every single individual ever arrested by any Chicago Police Officer. Then, the Court would have to decide whether or not there are sufficiently similar circumstances to those related to this case. Then, the Court must compare the action of each Individual Defendant toward the Plaintiff to the similar interaction between the Individual Defendant and the similarly situated person(s) to determine whether or not there are differences in the treatment. Finally, the Court must determine whether those differences in treatment were arbitrary and wholly lacking in any legitimate governmental interest. This is not the business of the Equal Protection Clause.

      To be certain, Plaintiffs are impermissibly attempting to "shoehorn … [their false arrest and excessive force claims] into a Section 1983 equal protection action by defining a class based on

[their] status as a victim of alleged [unconstitutional] conduct". *See McDorman v. Smith*, 437 F. Supp. 2d 768, 775-76 (N.D. Ill. 2006) (J. Gettleman) (dismissing similar equal protection claim). Like in *McDornan*, Plaintiffs fail to establish the necessary requirements for a valid equal protection claim.

    **3.**    **Plaintiffs' Request for Leave to File a Third Amended Complaint Should Be Denied**

Defendants believe that Plaintiff request for leave to plead additional facts would be rendered moot by the granting of Defendants Motion to Dismiss their equal protection claim. In regard to Plaintiffs request for leave to allege an indemnification claim against the City of Chicago, Defendants oppose this request. Defendants have previously pled an indemnification claim in their original Complaint, but withdrew the claim in their Amended Complaint. Further, any state claim for indemnification would be time barred. Any indemnification claim would be barred by the applicable Illinois statute of limitations, which requires that claims against public employees be brought within one year of the date of injury. 745 ILCS 10/8-101; *See, Long v. Williams*, 155 F.Supp.29 938 (N.D.Ill. 2001)(One year limitation applies to bar plaintiff's state law claims alleged in federal lawsuit). Additionally, because there are no state law claims against Defendant Officers or Defendant City, an indemnification claim should not be allowed, because the indemnification claim is merely derivative of state law claims, and Plaintiffs have amended their Original Complaint to remove their previously time-barred state law claims. Defendants also request that this Court grant Defendants Motion to Dismiss Count V *respondeat superior* claim of Plaintiff's Amended Complaint, which Plaintiff's also seek to dismiss, and thereby dismiss Defendant City as a party in this lawsuit. Plaintiffs seek to dismiss their conspiracy claim in Count III as well, which Defendants do not oppose and should be granted.

WHEREFORE, Defendants respectfully request this Honorable Court grant Defendants' Motion to Dismiss Counts IV and V of Plaintiffs' Amended Complaint.

                    Respectfully submitted,

                    MARA S. GEORGES,
                    Corporation Counsel, City of Chicago

                    Respectfully submitted,

                    MARK ARCILLAS, STEPHEN MACHAIN
                    and JEFFERY AARON,

                    By one of their attorneys,

30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602                    */s/ Thomas H. Freitag*
(312) 742-7391                    Thomas H. Freitag
Atty. No. 6272245                    Assistant Corporation Counsel