IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALAMO, JUAN and, | ) | |
| JIMENEZ, PABLO | ) | |
|       Plaintiff, | ) | NO. 08 C 766 |
| | ) | |
| v. | ) | HON. JUDGE ANDERSEN |
| | ) | Judge Presiding |
| CITY OF CHICAGO, | ) | |
| OFFICER MARK ARCILLAS, | ) | MAG. JUDGE ASHMAN |
| OFFICER MACHAIN #7963, | ) | |
| OFFICER AARON #13001; | ) | |
|       Defendants. | ) | |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS**

Defendants, City of Chicago,("Defendant City"), by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, and Defendant, Chicago Police Officers Mark Arcillas, Stephen Machain, and Jeffery Aaron ("Defendant Officers"), by one of their attorneys, Thomas Freitag, Assistant Corporation Counsel of the City of Chicago, respectfully move this Honorable Court, pursuant to Fed.R.Civ.P. 26(c), for entry of a Protective Order staying all discovery in this matter pending resolution by the Court of Defendants' Motion to Dismiss. In support of this motion, Defendants state:

1. On May 2, 2008, Plaintiff filed their Amended Complaint alleging multiple federal and state claims against Defendant Officers, and Defendant City.

2. Defendant filed a Motion to Dismiss counts IV, & V of Plaintiff's Amended Complaint on May 23, 2008. The Motion to Dismiss counts IV and V of Plaintiff's Amended Complaint, would dismiss Defendant City as a party defendant.

4. On June 6, 2008, Defendants received discovery from Plaintiff, which included; Plaintiff's Request for Production of Documents to all Defendants; Plaintiff's Interrogatories to Defendant Officer and Defendant City; Plaintiff's Request to Admit to

each Defendant, and Notices of Depositions for Defendant Officer and 30(b)(6) witnesses for Defendant City.

5. On June 20, 2008, Defendants' counsel sent a letter to Plaintiffs stating that there has been no Rule 26(F) conference according to the Federal Rules of Civil Procedure, and discovery cannot commence until the parties have conferred as required by Rule 26(F). As of this date there has still not been a 26(F) conference, will awaiting resolution of the pending motion to dismiss.

6. Defendants believe that Plaintiffs' discovery requests are an attempt to obtain discovery to which it will not be entitled to, prior to the resolution of Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

7. Rule 26(C) of the Federal Rules of Civil Procedure permits this Court to limit discovery as appropriate to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expense...". Fed.R.Civ.P. 26(C). Rule 26 (C) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. In addition, courts are entrusted with broad authority under the Federal Rules of Civil Procedure to regulate or preclude discovery where appropriate. A motion for a protective order to stay discovery can be granted when "good cause" is shown. *Id.* The Defendants demonstrate good cause for this motion, because of the undue burden and expense such intensive discovery would cause to Defendants while awaiting resolution of their pending Motion to Dismiss. Additionally, Defendants believe that Plaintiffs discovery requests prior to resolution of the motion to dismiss is done to annoy and oppress the Defendants.

8. Courts may limit discovery when a defendant files a motion to dismiss pursuant to Rule 12(b)(6). Defendants point to a number of cases where courts have stayed discovery pending a ruling on a motion to dismiss; *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 336 (N.D.Ill. 2005), (stay granted due to protracted costly discovery); *Sprague v. Brook*, 149 F.R.D. 575, 577 (did not allow discovery pending outcome of motion, where it would be costly and impose undue burden on defendant); *Douglas v. Potter*, No. 05-578, 2006 U.S. Dist. LEXIS 18063 (S.D.Ill. Apr. 7, 2006) (discovery cannot be conducted efficiently until basic questions answered as to who or what is being sued); *Cataldo v. City of Chicago*, No. 01 C 6665, 2002 U.S. Dist. LEXIS 1590 (N.D.Ill. Jan. 23, 2002) (amount of discovery requested and requirement of substantial redaction burdensome and unnecessary considering procedural posture of case); *Landstrom v. Illinois Dept. of Children & Family Services*, 892 F.2d 670, 674 (7th Cir.1990), (Seventh Circuit stated that a court is clearly correct in staying discovery pending a motion to dismiss, where there is a threshold question, such as qualified immunity).

10. Plaintiff's discovery requests are particularly burdensome to the Defendant City, because if Defendants Motion to Dismiss Count V is granted than the Defendant City will be dismissed as the party defendant. Therefore, any discovery done by Defendant City will be a waste of time and expense, and will allow plaintiff to bypass Defendants termination from the lawsuit by allowing them to still engage in discovery with Defendant City. To set a discovery schedule and require all of the defendants to participate would be unreasonable and inappropriate when there is a motion to dismiss pending, and one of the defendants is a municipal entity who provides public services in

the areas of public education and civil service employment. *Chesney v. Valley Stream Union Free School Dist. No. 24*, 236 F.R.D.113 (E.D.N.Y. 2006). Compliance with discovery in such a circumstance would result in a substantial diversion of public resources which may not be ultimately necessary in this action. *Id.* Stay of discovery pending outcome of the Motion to Dismiss is appropriate, considering the substantial issues raised by Defendants concerning the lack of merit of Counts IV and V as alleged in the Amended Complaint; moreover, Defendant City is a municipal entity who provides public services in areas of public education and civil service employment, and compliance with such discovery would result in substantial diversion of public resources which might not be ultimately necessary.

11.   Defendants' counsel has in good faith attempted to confer with the Plaintiff's counsel in an unsuccessful effort to resolve this matter without court action. Defendants have fully complied with their obligations pursuant to Rule 26(C) of the Federal Rules of Civil Procedure. On September 3, 2008, I talked to Plaintiff's attorney, Erica Faaborg, who stated she would not agree to a protective order regarding the matters set forth in this motion. All efforts to resolve this dispute have been unsuccessful due to no fault of Defendants' counsel.

12.   Plaintiff will not be prejudiced by the granting of this motion and by Defendants responding to their discovery once the issues are resolved as to what parties and which claims are going to be involved in this matter.

13.   This motion is filed in good faith, and is not intended for the purpose of undue delay.

14.   Defendants also request an extension of time for the close of discovery,

which is now set for Sept. 30, 2008, until after the resolution of the pending Motion to Dismiss and the stay is terminated.

    Wherefore, Defendants move this Court to enter a Protective Order staying further discovery pending resolution of Defendants' Motion to Dismiss.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
City of Chicago

Mark Arcillas, Stephen Machain, and Jeffery Aaron

By one of their attorneys,

30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 742-7391
Atty. No. 6272245

*/s/ Thomas H. Freitag*
Thomas H. Freitag
Assistant Corporation Counsel