IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN ALAMO and PABLO JIMENEZ,<br><br>    Plaintiffs,<br><br>    v.<br><br>OFFICER MARK ARCILLAS, OFFICER MACHAIN #7963, OFFICER AARON #13001, and the CITY OF CHICAGO,<br><br>    Defendants. | No. 08-c-766<br><br>JUDGE ANDERSON<br>MAGISTRATE JUDGE ASHMAN |

## PLAINTIFFS' MOTION TO COMPEL AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

NOW COME Plaintiffs, by and through their attorneys, Horwitz, Richardson, & Baker LLC., and state the following in support of their motion to compel and for leave to amend the complaint:

1. On March 11, 2008, Plaintiffs' counsel agreed to Defense counsel's request to file an Agreed Motion for an Extension of Time ("Agreed Motion") by which Defendants were to file a responsive pleading. This agreement was contingent upon engaging in a 26(f) conference immediately following Defense counsel's filing of an answer or other responsive pleading. (Exhibit A, Letter of March 11, 2008).

2. The Agreed Motion was granted on March 19, 2008; Defendants were given until April 11, 2008 to answer or otherwise plead (Docket No. 14).

3. Causing further delay, Defendants filed a second motion for an extension on April 11, 2008 (Docket No. 16).

4. This second motion for an extension was granted on April 21, 2008, allowing Defendants until May 12, 2008 to answer or otherwise plead (Docket No. 19).

5. Plaintiffs' counsel tendered Plaintiffs' Initial Disclosures to defense counsel on May 15, 2008. To date, Defendants have not submitted their Initial Disclosures to Plaintiffs.

6. On May 19, 2008, this Court set a discovery closure date of September 30, 2008 (Docket No. 26).

7. In lieu of answering, Defendants filed a Motion to Dismiss on May 22, 2008 - ten (10) days past the date set by this Court (Docket No. 27) to file a responsive pleading.

8. Defendants failed to abide by the agreement between the parties to engage in a 26(f) conference (Exhibit A), and over Defendants' objections, on June 6, 2008, Plaintiffs propounded discovery to Defendants. Specifically, Plaintiffs propounded Requests for Production of Documents, Deposition Notices, Interrogatories, and also, Requests to Admit. Responses to this discovery should have been tendered by July 6, 2008. To date, Defendants have not responded to any of Plaintiffs' discovery or to Plaintiffs' Requests to Admit.

9. Defendants have now filed a Motion to Stay Discovery (Docket No. 37, September 5, 2008).

10. In the Motion to Stay, Defendants state that Plaintiffs' attorney, Erica Faaborg, refused to agree to the entry of a Protective Order in this Cause (Docket No. 37 ¶ 11). This wholly misrepresents the conversation had between Ms. Faaborg and defense counsel, Mr. Freitag.

11. Following the September 3, 2008 status hearing, counsel for the parties discussed discovery in this matter.  At no time during this discussion did Ms. Faaborg refuse to an entry of a Protective Order.  *Rather*, in requesting that discovery responses be tendered and depositions commence, Ms. Faaborg stated that Plaintiffs would not agree to any Motion to Stay discovery filed by defense counsel.

12. Defense counsel now seeks to stay discovery claiming that the City may be excused as a party pursuant to the Motion to Dismiss and that to require the City to answer discovery would be an undue burden.  This position is untenable.

13. Whether or not the City is dismissed as a party to this cause, the individual Defendants will be required to produce responsive documents, interrogatory responses, and answers to Requests to Admit.  Further, the bulk of the discovery issued to Defendants involves the individual Defendants and is discoverable regardless of the outcome of the pending Motion to Dismiss.

14. Defense counsel submits that Plaintiffs are not prejudiced by their refusal to answer discovery and/or a stay of discovery, however, the opposite is true and defense counsel's delay tactics have severely prejudiced Plaintiffs.

15. Plaintiffs' counsel agreed, *twice*, to Defendants' extension requests contingent upon defense counsel engaging in discovery within one week of filing their answer or responsive pleading.  Defense counsel has breached the terms of the agreement of March 11, 2008 (Exhibit A) while enjoying the full benefit of Plaintiffs' agreement to their delays.

16. The failure to live up to the agreement regarding discovery, and Defendants multiple delay tactics, have severely prejudiced Plaintiffs.  Discovery in this case closes in less

than one month.  To date, Plaintiffs have not received any discovery responses, any responses to Requests to Admit, and have not taken a single deposition.

17. To avoid further prejudice to Plaintiffs, they request that this Court order Defense counsel to tender discovery responses and responses to the Requests to Admit immediately, and to compel dates for the individual Defendants' depositions.

## MOTION TO AMEND

18. Plaintiffs seek leave to file a Second Amended Complaint (Exhibit B) to add a party, Juan Alamo Jr., the son of Plaintiff Juan Alamo, who alleges that, though he was only thirteen years old and not a threat to anyone during the incident giving rise to this lawsuit, one of the Defendants aimed his duty weapon at him, which has caused him significant and ongoing emotional distress.  Accordingly, Plaintiffs seek leave to include the following count:

### COUNT VI
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

> 31.   PLAINTIFF JUAN ALAMO JR. re-alleges paragraphs 1 – 17 as though fully set forth herein.
> 32.   The Defendants' actions, including falsely arresting and striking PLAINTIFF JUAN ALAMO JR.'s father and using excessive force against PLAINTIFF JUAN ALAMO JR., were extreme and outrageous.
> 33.   In falsely arresting and striking PLAINTIFF JUAN ALAMO JR.'s father and using excessive force against PLAINTIFF JUAN ALAMO JR., Defendants intended to inflict emotional distress upon PLAINTIFF JUAN ALAMO JR. or knew that such actions had a high probability of causing severe emotional distress.
> 34.   As a result of the Defendants' actions, PLAINTIFF JUAN ALAMO JR. suffered severe emotional distress and sustained further damages.
>    WHEREFORE, PLAINTIFF JUAN ALAMO JR. demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF JUAN ALAMO JR. also demands punitive damages, costs and attorney's fees

against the DEFENDANT OFFICERS.  PLAINTIFF JUAN ALAMO JR. also demands whatever additional relief this Court deems equitable and just.

19. Plaintiffs also seek leave to add an indemnification claim pursuant to the Local Government and Governmental Employees Tort Immunity Act, 745 ILCS 10/9-102 ("10/9-102").

20. Claims under 10/9-102 are considered claims for declaratory judgment, and are properly included in federal civil rights suits, even before a judgment has been entered. *Wilson v. City of Chicago*, 120 F.3d 681, 685 (7th Cir. 1997).  Additionally, the Seventh Circuit stated that there was no benefit to be achieved from requiring a plaintiff to wait for a judgment to seek indemnification under 10/9-102, and further, that doing so would only work to create more paperwork and further delay. *Id.*

21. Allowing Plaintiffs to include their indemnification count to their Complaint avoids the need of later bringing a lawsuit to enforce any settlement or jury verdict and is in the best interest of judicial economy.

22. The additional count would appear as follows:

## COUNT VII
## 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

> 35. PLAINTIFFS re-allege paragraphs 1 – 17 as though fully set forth herein.
> 36. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.
> 37. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.
>     WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFFS demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay

5

      PLAINTIFFS any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint.

23.  Lastly, as Juan Alamo Jr.'s statute of limitations will not run until his nineteenth birthday, Count V, the *Respondeat Superior* count, is brought on behalf of Juan Alamo Jr. This amendment to the complaint moots Defendant City of Chicago's Motion to Dismiss as to this count.

24.  Allowing these amendments causes no prejudice to Defendants because, despite the parties' previous agreement, no discovery has been completed in this matter.

WHEREFORE Plaintiffs pray this Court grants this motion and compels Defendants to provide discovery responses and answers to Requests to Admit immediately, and further, grant Plaintiffs leave to file a Second Amended Complaint naming an additional party and including an intentional infliction of emotional distress and indemnification count, and grant any other relief deemed just.

          Respectfully Submitted,

          s/ Erica Faaborg
          Attorney for the Plaintiff

Horwitz, Richardson, & Baker, LLC.
20 S. Clark Street, Suite 500
Chicago, IL 60603
(312) 676-2100