IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN ALAMO and PABLO JIMENEZ, <br><br> Plaintiffs, <br><br> v. <br><br> OFFICER MARK ARCILLAS, OFFICER MACHAIN #7963, OFFICER AARON #13001, and the CITY OF CHICAGO, <br><br> Defendants. | No. 08-c-766 <br><br> JUDGE ANDERSON <br> MAGISTRATE JUDGE ASHMAN |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

NOW COME Plaintiffs, by and through their attorneys, Horwitz, Richardson, & Baker LLC., and state the following in support of their motion for leave to amend the complaint:

### STANDARD

1. The liberality of Rule 15 of the Federal Rules of Civil Procedure cannot be disputed. Leave to amend a pleading shall be "freely given when justice so requires." Fed.R.Civ.P. 15(a).

2. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Teft v. Sewart*, 689 F.2d 637 (6th Cir. 1982), *Williams v. United States,* 405 F.2d 234 (5th Cir. 1968); *Strauss v. Douglas Aircraft Co.,* 404 F.2d 1152 (2d Cir. 1968).

3. If a party is not prejudiced, there can be no basis for denying amendment since both parties would be on equal footing relative to the allegations. This has been the focus of the courts in connection with motions for leave to file an amended complaint.

*Hageman v. Signal L. P. Gas, Inc.,* 486 F.2d 479 (6th Cir. 1973); *In Re: Olympia Brewing Company Securities Litigation,* 612 F. Supp 1370 (N.D. Ill 1985).

4. Plaintiffs seek leave to file a Second Amended Complaint (Exhibit A) to add a party, Juan Alamo Jr., the son of Plaintiff Juan Alamo, who alleges that, though he was only thirteen years old and not a threat to anyone during the incident giving rise to this lawsuit, one of the Defendants aimed his duty weapon at him, which has caused him significant and ongoing emotional distress. Accordingly, Plaintiffs seek leave to include the following count:

### COUNT VI
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. PLAINTIFF JUAN ALAMO JR. re-alleges paragraphs 1 – 17 as though fully set forth herein.
32. The Defendants' actions, including falsely arresting and striking PLAINTIFF JUAN ALAMO JR.'s father and using excessive force against PLAINTIFF JUAN ALAMO JR., were extreme and outrageous.
33. In falsely arresting and striking PLAINTIFF JUAN ALAMO JR.'s father and using excessive force against PLAINTIFF JUAN ALAMO JR., Defendants intended to inflict emotional distress upon PLAINTIFF JUAN ALAMO JR. or knew that such actions had a high probability of causing severe emotional distress.
34. As a result of the Defendants' actions, PLAINTIFF JUAN ALAMO JR. suffered severe emotional distress and sustained further damages.

WHEREFORE, PLAINTIFF JUAN ALAMO JR. demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF JUAN ALAMO JR. also demands punitive damages, costs and attorney's fees against the DEFENDANT OFFICERS. PLAINTIFF JUAN ALAMO JR. also demands whatever additional relief this Court deems equitable and just.

5. Plaintiffs seek further leave to add an indemnification claim pursuant to the Local Government and Governmental Employees Tort Immunity Act, 745 ILCS 10/9-102 ("10/9-102").

6. Claims under 10/9-102 are considered claims for declaratory judgment, and are properly included in federal civil rights suits, even before a judgment has been entered. *Wilson v. City of Chicago*, 120 F.3d 681, 685 (7th Cir. 1997). Additionally, the Seventh Circuit stated that there was no benefit to be achieved from requiring a plaintiff to wait for a judgment to seek indemnification under 10/9-102, and further, that doing so would only work to create more paperwork and further delay. *Id*.

7. Allowing Plaintiffs to include their indemnification count to their Complaint avoids the need of later bringing a lawsuit to enforce any settlement or jury verdict and is in the best interest of judicial economy.

8. The additional count would appear as follows:

### COUNT VII
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

35. PLAINTIFFS re-allege paragraphs 1 – 17 as though fully set forth herein.
36. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.
37. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFFS demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLAINTIFFS any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint.

3

9. Further, as Juan Alamo Jr.'s statute of limitations will not run until his nineteenth birthday, Count V, the *Respondeat Superior* count, is brought on behalf of Juan Alamo Jr.

10. Allowing these amendments causes no prejudice to Defendants because no discovery has been completed in this matter.  Further, there is no prejudice as the claims for the new Plaintiff, Juan Alamo Jr., arise from the same incident that gave rise to the already named Plaintiffs' lawsuit.

11. Lastly, permitting Plaintiffs to amend at this time obviates the need to bring lawsuits later in time for Juan Alamo Jr. and/or indemnification and, thus, is in the best interest of judicial economy.

WHEREFORE Plaintiffs pray this Court grant Plaintiffs leave to file a Second Amended Complaint naming an additional party and including an intentional infliction of emotional distress and indemnification count, and grant any other relief deemed just.

Respectfully Submitted,

s/ Erica Faaborg
Attorney for the Plaintiff

Horwitz, Richardson, & Baker, LLC.
20 S. Clark Street, Suite 500
Chicago, IL 60603
(312) 676-2100